UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOE HOUSTON,

    Plaintiff,

vs.

                                  Case No.: 13-cv-60004-RNS

7-ELEVEN, INC.,

    Defendant.
_____/

## DEFENDANT 7-ELEVEN, INC.'S OPPOSITION TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, Defendant 7-Eleven, Inc. responds to Plaintiff Joe Houston's purported statement of material facts in support of his motion for summary judgment. Because Plaintiff included argument, legal conclusions, and multiple statements in each purported "fact," Defendant will respond to each statement in kind.

**Plaintiff's Fact No. 1:**

*Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.*

**Defendant's Response to Plaintiff's Fact No. 1:**

It is undisputed that this Court has jurisdiction over claims arising under the Americans with Disabilities Act where a plaintiff actually has legal standing to assert such claims. To the extent Plaintiff contends this Court has jurisdiction over *this* specific suit, Defendant disputes the proposed fact. Plaintiff has not met basic pleading

1

requirements in order to demonstrate standing to this Court. Plaintiff has not established an actual injury. Plaintiff, a professional ADA plaintiff with over three-hundred lawsuits, has not established an immediate and concrete intent to return to the targeted property. *See* Defendant's Motion to Dismiss (Dkt. 6). Moreover, the alleged barriers have been removed and/or remediated rendering Plaintiff's claim and allegations moot. (*See* Declarationof Jeffrey Gross). Because Plaintiff lacks standing, this Court lacks jurisdiction over this suit.

### Plaintiff's Fact No. 2:

*As the result of spinal injuries resulting from an automobile accident, Plaintiff, Joe Houston, is paralyzed and is confined to a wheelchair. He has limited upper body strength, limited use of his hands, and is unable to operate mechanisms that require tight grasping, pinching, or twisting. Mr. Houston has a motorized wheelchair and a specially equipped van for transportation. Mr. Houston therefore qualifies as a disabled person within the meaning of Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. Sections 12181, et seq. (Statement of Joe Houston, ¶ 1; D.E. 13-1, p.2, ¶ 3-4).*

### Defendant's Response to Plaintiff's Fact No. 2:

Undisputed for purposes of this motion that Plaintiff appears to be disabled and may be confined to a wheelchair and that he qualifies as disabled under the ADA. The remaining statements are irrelevant to Plaintiff's claims for injunctive relief.

### Plaintiff's Fact No. 3:

*Defendant owns operate, leases or leases to, a 7-Eleven convenience store located at 7090 Pines Blvd., Pembroke Pines, Florida ("the property"). The Defendant's property is a place of public accommodation within the meaning of the law.*

### Defendant's Response to Plaintiff's Fact No. 3:

**Objection**.  These statements are unsupported by any evidence.  Local Rule 56.1(b) requires the statement of material facts "be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court."  Plaintiff has cited no evidence whatsoever to support his contended "fact" that "Defendant owns, operates, leases, or leases to a 7-Eleven convenience store located at 7090 Pines Blvd." or that the property is a "place of public accommodation."

Defendant does not dispute that it owns the property or that the targeted 7-Eleven store is a public accommodation.  Defendant disputes that it operates the targeted store.

**Plaintiff's Fact No. 4:**

*Defendant is responsible for complying with the obligations of the ADA.*

**Defendant's Response to Plaintiff's Fact No. 4:**

**Objection**.  These statements or, more precisely, Plaintiff's argumentative legal conclusions, are unsupported by any evidence as to what compliance constitutes in this action, which specific obligations Plaintiff contends exist under the ADA, and/or which obligations purportedly exist on the part of Defendant with respect to the targeted property (which was originally constructed over 30 years before the ADA was enacted). Plaintiff's statement and legal conclusion is vague, ambiguous, overbroad, calls for speculation as to its scope (and whether it is even addressed to the targeted store), and calls for expert testimony and evidence.

Further, Local Rule 56.1(b) requires the statement of material facts "be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court."  Plaintiff has neither cited to nor presented this Court with any evidence whatsoever to support his contended "fact" that "Defendant is responsible for complying with the obligations of the ADA."  Defendant does not dispute that where it owns a public accommodation it must comply with the ADA (which considers numerous issues such as date of original construction and the factors which

3

determine whether accessibility upgrades are or are not readily achievable). Defendant has fully complied with its obligations with respect to the subject store and, contrary to Plaintiff, has produced evidence establishing such compliance.

### Plaintiff's Fact No. 5:

*Before this lawsuit was filed, Mr. Houston visited the property [D.E. 13-1, p. 3, ¶ 7]. While there, he encountered and observed conditions that both deprived him of the opportunity offered to the non-disabled public of enjoying equal access to the full advantages, benefits, goods and services available at the property and also segregated him from the able bodied, and treated him differently than members of the non-disabled public [D.E. 13-1, p, 3-4, 7-8]. Photographs of the barriers accompany Mr. Houston's statement [D.E. 13-1, p. 8-17].*

### Defendant's Response to Plaintiff's Fact No. 5:

**Disputed.** Plaintiff has not provided evidence that he has personally visited the subject property and that he encountered barriers to access there. There is no evidence that the receipt Plaintiff attached to his sworn statement (Dkt. 13-1) was secured by him (as opposed to his "advisor" Peter Lowell, for example). The pictures attached to his affidavit show a white male taking measurements of a restroom (the same pictures in Lowell's report that have not been authenticated by anyone). (*See id*. photos). Houston, as stated in his sworn affidavit at paragraph 11, is a black male. (*Id*.). Houston further admits in the affidavit that he was merely shown the photographs prior to filing the complaint.

Moreover, even assuming Houston visited the store on October 20, 2012, he did not encounter barriers that deprived him of the benefits of the store. In his sworn statement Houston contends the purpose of his visit was to get something to drink. (*Id*. at ¶ 7). The receipt attached to his sworn statement shows Houston was able to purchase

4

the drink he sought. Accordingly, the purported barriers did not deprive him of the goods and services of the subject property.

To the extent Houston also *observed*, without encountering, what he believed to be violations of the ADA as a "tester," this is insufficient. *See Access Now, Inc. v. South Florida Stadium Corp.*, 161 F. Supp. 2d 1357, 1365 (S.D. Fla. 2001)("Courts in this Circuit . . . have consistently refused to grant injunctive relief absent evidence that the plaintiff actually suffered—and will again suffer—discrimination in violation of Title III.").

Plaintiff has further admitted that he was not physically or monetarily harmed in any way. Declaration of Ryan McNamara Ex. B, (Plaintiff's Response to Defendant's RFA No. 9).

**Objections.** Defendant also objects to these statements on the grounds that they are premature. Due to the pending motion to dismiss for lack of standing, Defendant has not had the opportunity to depose Plaintiff. Additionally, Plaintiff's "fact" contains no facts as to legal "barriers" – it consists solely of generalized argument.

Plaintiff has not established that he is an expert in the ADA and therefore cannot express expert opinion as to alleged barriers. Fed. R. Evid. 701, 702.

Plaintiff has also failed to authenticate and provide foundation for the photographs attached to Plaintiff's affidavit and the Lowell report. Fed. R. Evid. 602.

### Plaintiff's Fact No. 6:

*On or about May 19, 2013, Mr. Peter Lowell, the Plaintiff's ADA compliance expert, inspected the Defendant's property. Mr. Lowell concluded that the property did not comply with the Requirements of the law. Mr. Lowell's report, together with his affidavit and credentials accompany this motion and are identified as Exhibit"A."*

**Defendant's Response to Plaintiff's Fact No. 6:**

**Disputed**.  Plaintiff failed to incorporate Lowell's report into its statement of material facts and instead generally proclaims that Lowell "concluded that the property did not comply with the Requirements of the law."  Defendant does not dispute that Lowell may have made such a conclusion, however, Defendant does dispute the accuracy of Lowell's conclusion and Lowell's purported status as an "expert" for the reasons discussed in its concurrently filed objections and the declaration and report of Jeffrey Gross.  Defendant contends that no barriers exist at the property.  (*See* Gross Declaration and Exhibits).

In addition, Lowell fails to identify a violation of the ADA because he has not taken into account whether removal of the barriers identified is readily achievable.  Lowell's report contains absolutely no such analysis and presents no facts and/or evidence to establish that such alleged barrier removal was or is readily achievable to Defendant or any other individual or entity.  As such, Plaintiff's motion contains no such analysis and presents no such facts and/or evidence to this Court.

Because the property was constructed before 1992 it is subject to the readily achievable standard.  (Declaration of John Falso ¶ 5); *see Access 4 All, Inc. v. Bamco VI, Inc.*, 2012 WL 33163 (S.D. Fla. 2012).  To meet his burden, Plaintiff must present evidence showing a specific design to remove the barriers alleged, the cost of removal (including pre-approved construction plans and permits), and the effect on the finances and operation of the facility. *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1273-74 (11th Cir. 2006). The Plaintiff should consider "(1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity,

including composition, structure, and functions of the workforce of such entity; and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity." *Access for the Disabled, Inc. v. First Resort, Inc.*, 2012 WL 2917915 (M.D. Fla. 2012)(citing *id*). Lowell (and Plaintiff) has failed to take any of these requisite factors into consideration and, accordingly, Plaintiff's motion fails to present any requisite evidence as to readily achievability to this Court.

**Objection.** Defendant further objects to the Lowell Declaration and Report. Plaintiff has violated Rule 34 of the Federal Rules of Civil Procedure. Plaintiff did not properly notice an inspection of the property under Rule 34 of the Federal Rules of Civil Procedure for May 19, 2013. McNamara Decl. ¶ ¶12-17. Lowell's unnoticed and unauthorized "inspection" of May 19, 2013 should be excluded for violating the discovery rules, otherwise Rule 34 is meaningless in ADA lawsuits and plaintiffs' inspectors would be able to conduct repeated secret inspections with no oversight by Defendants to view their methods and/or manner in conducting the inspection. (*See also* Defendant's concurrently filed objections to the report of Peter Lowell).

Defendant further objects to Plaintiff's "fact" as calling for speculation as to what Plaintiff specifically means by "the property did not comply with the Requirements [sic] of the law." Defendant and the Court are forced to speculate as to what constitutes legal compliance, to which "requirements" Plaintiff theoretically refers, and to which laws Plaintiff theoretically refers. Plaintiff's "fact" is vague, ambiguous, overbroad, assumes facts not in evidence, assumes facts not in evidence as to Lowell's status as an "expert", calls for speculation, calls for an expert conclusion, and calls for legal conclusion, and is unintelligible as phrased.

**Plaintiff's Fact No. 7:**

*The existence of the barriers identified above discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the property, as prohibited by 42 U.S.C. § 12182 et seq.*

**Defendant's Response to Plaintiff's Fact No. 7:**

**Disputed.**  Plaintiff has not identified any barriers in his statement of material facts or cited to any evidence in support of this argumentative legal conclusion titled as a "fact."

"Discrimination under the ADA includes "a private entity's 'failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable."'  *Access 4 All, Inc. v. Bamco VI, Inc.*, 2012 WL 33163 (S.D. Fla. 2012). Plaintiff has not submitted any evidence that removal of the alleged barriers was readily achievable.

Plaintiff did not encounter any barriers that deprived him from using the services at the subject property.  In his sworn statement Houston contends the purpose of his visit was to get something to drink.  (*Id*. at ¶ 7).  The receipt attached to his sworn statement shows Houston was clearly able to purchase the drink he sought.  Accordingly, the purported barriers did not deprive him of the goods and services at the subject property.

To the extent he also *observed*, without encountering, what he believed to be violations of the ADA as a "tester," this is insufficient. *See Access Now, Inc. v. South Florida Stadium Corp.*, 161 F. Supp. 2d 1357, 1365 (S.D. Fla. 2001)("Courts in this Circuit . . . have consistently refused to grant injunctive relief absent evidence that the plaintiff actually suffered—and will again suffer—discrimination in violation of Title III.").

Plaintiff has also admitted that he was not physically or monetarily harmed in any way. McNamara Decl. Ex. B, (Response to RFA No. 9). Further, no barriers exist at the property. (*See* Gross Declaration and Exhibits).

**Objection**. Defendant further objects to Plaintiff's purported "fact" as lacking foundation, calling for speculation, calling for a legal conclusion, calling for expert opinion, vague, ambiguous, overbroad, argumentative, and improperly directing the Court to locate "barriers identified above" when no such "barriers" are even identified.

### Plaintiff's Fact No. 8:

*The Plaintiff, and all other individuals similarly situated, has been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations. Mr. Houston and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.*

### Defendant's Response to Plaintiff's Fact No. 8:

**Disputed.** Plaintiff has cited no evidence in support of this "fact."

"Discrimination under the ADA includes "a private entity's 'failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable.'" *Access 4 All, Inc. v. Bamco VI, Inc.*, 2012 WL 33163 (S.D. Fla. 2012). Plaintiff has not submitted any evidence that removal of the alleged barriers was readily achievable.

Plaintiff did not encounter any barriers that deprived him from using the services at the subject property. In his sworn statement Houston contends the purpose of his visit was to get something to drink. (*Id*. at ¶ 7). The receipt attached to his sworn statement shows Houston was clearly able to purchase the drink he sought. Accordingly, the purported barriers did not deprive him of the goods and services at the subject property.

9

To the extent he also *observed*, without encountering, what he believed to be violations of the ADA as a "tester," this is insufficient. *See Access Now, Inc. v. South Florida Stadium Corp.*, 161 F. Supp. 2d 1357, 1365 (S.D. Fla. 2001)("Courts in this Circuit . . . have consistently refused to grant injunctive relief absent evidence that the plaintiff actually suffered—and will again suffer—discrimination in violation of Title III.").

Plaintiff has also admitted that he was not physically or monetarily harmed in anyway. Declaration of Ryan McNamara Ex. B, (Response to RFA No. 9).

There is no evidence that "other individuals similarly situated" have been denied access to the services at the subject property and no such claims have been advanced in this action. Plaintiff's speculation regarding "other individuals similarly situated" is irrelevant to the summary judgment analysis.

More importantly, Houston (and other unnamed individuals "similarly situated") will not "continue to suffer discrimination" because no barriers exist at the property. (*See* Gross Declaration). Houston has admitted that he has no specific plans to return to the subject convenience store located twenty miles from his home. Declaration of Ryan McNamara Ex. B, (Response to RFA No. 5). Plaintiff's statement that "he intends to return in the near future" also lacks credibility given his prior admissions that, out of the countless locations Plaintiff has sued, he has only returned to the targeted properties <u>less than 1% of the time</u>. *See* April 26, 2011 Dep. Tr. 37:21-38:2; 40:5-13; 41:12-17; 84:25-85:2.

**Objection**. Defendant further objects to Plaintiff's "fact" as calling for speculation as to the identities and purported experiences of "all other individuals similarly situated", compound, calling for a legal conclusion and speculation with respect to what "violations" to which Plaintiff is attempting to refer, argumentative, calling for speculation as to which "buildings and facilities" to which Plaintiff refers (as this appears to be a cut-and-paste error from one of Plaintiff's prior lawsuits where he targeted

10

multiple buildings and facilities instead of the instant action where he has targeted a single building), compound and calling for speculation with respect to which "services, programs, and activities" to which Plaintiff is referring, vague, ambiguous and overbroad.

### Plaintiff's Fact No. 9:

*Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.*

### Defendant's Response to Plaintiff's Fact No. 9:

**Disputed.**  Plaintiff's legal conclusion and argumentative claims that Defendant allegedly discriminated against him is unsupported by any evidence.  Plaintiff has not identified barriers that denied him access to the property.  Indeed, Plaintiff was able to make the purchase he desired.  (*See* Dkt. 13-1).

"Discrimination under the ADA includes "a private entity's 'failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable."'  *Access 4 All, Inc. v. Bamco VI, Inc.*, 2012 WL 33163 (S.D. Fla. 2012). Plaintiff has not submitted any evidence that removal of the alleged barriers was readily achievable.

11

Defendant disputes that it "continues to discriminate against Plaintiff" . . . because of the absence of auxiliary aids and services." Plaintiff has not (a) identified which specific auxiliary aids and/or services he claims are or were absent at the subject property, (b) established that the subject property was required to have such unidentified and general auxiliary aids and services, (c) established standing to even assert such a claim, or (d) proven that he requires such aids and services and how their purported absence constituted personalized discrimination against him. Moreover, as a fundamental issue that Plaintiff has not and cannot rebut, there are no barriers at the property. (*See* Gross Declaration).

**Objection**. Defendant further objects to Plaintiff's "fact" as calling for speculation as to the identities and purported experiences of "all those similarly situated" and "[any] individual with a disability, compound, calling for a legal conclusion, argumentative, calling for speculation with respect to which "goods, services, facilities, privileges, advantages and/or accommodations", "policies, practices, or procedures", and "modifications" to which Plaintiff is referring, vague, ambiguous, overbroad, and unintelligible.

**Plaintiff's Fact No. 10:**

*Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.*

**Defendant's Response to Plaintiff's Fact No. 10:**

**Disputed.** Plaintiff has cited no evidence to support this "fact" which, again, consists solely of argument and cut-and-paste conclusions without any factual basis. Moreover, no barriers exist at the property. Accordingly, assuming Plaintiff even had standing to assert to advance this action seeking any remedy, he has already received

12

such remedy and his claims are moot. (*See* Gross Declaration).  Because Defendant voluntarily remedied any potential issues, Plaintiff is not entitled to attorneys' fees, costs, or litigation expenses.  *Buckhannon Bd. And Care Home v. West Va. Dept. of Health and Human Resources*, 532 U.S. 598, 604 (2001); *see Kallen v. J.R. Eight, Inc.*, 775 F.Supp.2d 1374 (S.D.Fla. 2011) (complaint dismissed based upon mootness due to modifications completed prior to injunction hearing).  Additionally, Plaintiff has also admitted that he was not physically or monetarily harmed in anyway.  Declaration of Ryan McNamara Ex. B, (Response to RFA No. 9).

### Plaintiff's Fact No. 11:

*Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.*

### Defendant's Response to Plaintiff's Fact No. 11:

Undisputed as to the cut-and-pasted statement of law.  Disputed to the extent Plaintiff contends the subject property has architectural barriers and to the extent that Plaintiff contends such statements pertain specifically to Defendant and to the subject property.  Plaintiff has failed to (a) establish whether the targeted property existed prior to January 26, 1992, (b) whether any "alteration" has been made to the targeted property

since January 26, 1992, (c) if so, what altered portions were theoretically at issue, and/or (d) whether the targeted property is one which was designed and constructed for first occupancy subsequent to January 26, 1993.  Equally fatal to Plaintiff's misguided motion is the fact that Plaintiff's motion contains no factual analysis and/or evidentiary support regarding the fundamental concept of whether barrier removal is "readily achievable" for Defendant.   Defendant has performed  voluntary upgrades to the subject property and Plaintiff's claims and lawsuit have been rendered moot.  (*See* Declarations of John Falso and Jeffery Gross).

**Plaintiff's Fact No. 12:**

*Defendant, 7-Eleven, Inc., is a previously adjudicated violator of the ADA.  [D.E. 13-3]. Two Federal Court judgments, to say nothing of any number of other lawsuits, notwithstanding, the Defendant still refuses to comply with the law.*

**Defendant's Response to Plaintiff's Fact No. 12:**

**Objection.**   Defendant's settlements with Houston's counsel in prior cases in which it used a Rule 68 Offer of Judgment to settle the claims are irrelevant to the claims in this case and prejudicial.  Fed. R. Evid. 402, 403, 408.  Defendant further objects to Plaintiff's mischaracterization as assuming facts not in evidence and argumentative.

**Plaintiff's Fact No. 13:**

*Injunctive relief is required both to compel compliance and insure continued compliance. Neither post lawsuit compliance nor promises of such compliance are sufficient to defeat a request for injunctive relief. Sheeley v. MRI Radiology Network, P.A., 505 F.3d 1173 (11th Cir. 2007).*

**Defendant's Response to Plaintiff's Fact No. 13:**

**Disputed**.   Not only is this not a "fact," but the legal argument is incorrect.  Injunctive relief is not required as there are no barriers to access at the property.  (*See*

Gross Declaration and Exhibits). Defendant has spent thousands of dollars performing voluntary upgrades to the property. (Declaration of John Falso). There is no basis to believe it will not remain as such and any speculation and conjecturing Plaintiff may wish to engage in does not alter that reality. *See National Alliance for Accessability, Inc. v. Walgreen Co.*, 2011 WL 5975809, * 3 (M.D. Fla. 2011)(citing cases). Furthermore, *Sheeley v. MRI Radiology Network* cited by Plaintiff is irrelevant to ADA cases and the circumstances here. *Id*.

**Objection**. Defendant further objects to Plaintiff's mischaracterization as argumentative, calling for speculation, assuming facts not in evidence, calling for expert opinion as phrased, and calling for a legal conclusion.

### Plaintiff's Fact No. 14:

*Notice to the Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.*

### Defendant's Response to Plaintiff's Fact No. 14:

This is a legal conclusion, not a fact. Defendant does not contend that notice is a legal prerequisite to filing an ADA action, however, Defendant has, on multiple prior occasions, requested Houston and his counsel notify it of any accessibility requests so that 7-Eleven can accommodate such requests in good faith and without Plaintiff incurring or claiming to incur litigation costs (which appears to be the motivating, if not exclusive, factor behind this lawsuit). Plaintiff has ignored such requests and good faith efforts and, instead, filed suit without notice. (*See* Declaration of Ryan McNamara Ex. A (Response to RFA No. 24).

**Objection**. Defendant further objects to Plaintiff's claim that "[a]ll other conditions precedent have been met by Plaintiff or waived by the Defendant" as

unintelligible, calling for speculation, vague, ambiguous, overbroad, and calling for a legal conclusion.

### Plaintiff's Fact No. 15:

*Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require the Defendant to alter the property to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.*

### Defendant's Response to Plaintiff's Fact No. 15:

This is a legal argument, not a fact. Defendant does not dispute that the Court has authority to provide injunctive relief in the appropriate circumstance, however, that is not the case here where (a) Plaintiff lacks standing to even assert such claims, (b) any claims Plaintiff improperly sought to advance are moot, and (c) such relief is pursued by a grossly defective motion.

### Plaintiff's Fact No. 16:

*A memorandum of law is filed separately.*

### Defendant's Response to Plaintiff's Fact No. 16:

**Undisputed.**

Dated: July 8, 2013                                     Respectfully Submitted,

                                                                        s/Kelly-Ann  Cartwright
                                                                        Kelly-Ann G. Cartwright (FL Bar 892812)
                                                                        HOLLAND & KNIGHT LLP
                                                                        701 Brickell Avenue, Suite 3000
                                                                        Miami, FL 33131
                                                                        Tel: 305-374-8500

Fax:  305-789-7799
kelly-ann.cartwright@hklaw.com

Ryan M. McNamara (CA Bar No. 223606)
CALL & JENSEN, APC
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100
rmcnamara@calljensen.com

*Attorneys for Defendant 7-Eleven, Inc.*

## Certificate of Service

**I hereby certify** that on **July 8, 2013,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                           s/Kelly-Ann  Cartwright_____
                                                                           Kelly-Ann G. Cartwright

## SERVICE LIST
Joe Houston v. 7-Eleven, Inc.
Case No. 13-cv-60004 RNS
United States District Court, Southern District of Florida

Thomas B. Bacon, Esq.
Philip Michael Cullen, III, Esq.
Thomas B. Bacon, P.A.
621 South Federal Highway, Suite Four
Fort Lauderdale, FL 33301
Tel: (954) 462-0600
Fax: (954) 462-1717
cullen@thomasbaconlaw.com