UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60004-Civ-SCOLA

JOE HOUSTON,

    Plaintiff,

vs.

7-ELEVEN, INC.,

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on Defendant 7-Eleven, Inc.'s Motion to Dismiss (ECF No. 6), pursuant Federal Rule of Civil Procedure 12(b)(1). This lawsuit involves alleged violations of the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12181-12189 (2006). Specifically, the Plaintiff, Joe Houston, alleges that physical and architectural barriers at 7-Eleven's property have endangered his safety and prevented him from fully and equally enjoying the goods and services offered at 7-Eleven's store.

7-Eleven argues that Houston does not have standing and therefore the case should be dismissed for a lack of subject matter jurisdiction. To establish standing, a plaintiff must allege sufficient facts demonstrating (1) he or she has suffered an injury-in-fact, (2) the existence of a causal connection between the asserted injury-in-fact and the challenged action of the defendant, (3) the injury will be redressed by a favorable decision, and (4) a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury. *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (internal citations/quotations omitted).

According to 7-Eleven, Houston lacks constitutional standing for two reasons. First, because Houston "has not alleged a plausible intent to return to the property." (Mot. Dismiss 7, ECF No. 6.) And second, because the complaint fails to establish how the alleged architectural barriers at the property affected Houston's use and enjoyment due to his disability. (Mot. Dismiss 11-12, ECF No. 6.)

Since 7-Eleven asserts a facial attack to jurisdiction, the Court must accept the facts in the Complaint to be true, and view them in the light most favorable to Houston. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). The Court may not consider facts beyond those alleged in the Complaint. *See id.*

### A. Houston has adequately alleged a threat of future injury.

As to the threat-of-future-injury prong, a plaintiff must allege a "genuine" threat of future injury. *See Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000). The threat of future injury must be "likely" as opposed to merely "speculative." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). At the pleading stage, a plaintiff's allegations that a genuine threat of future injury exists may suffice. *See id.* at 562.[1] For example, a plaintiff's allegation that she would visit the defendant's property "in the near future" is sufficient to establish a genuine threat of future injury. *Stevens*, 215 F.3d at 1239.

Houston has alleged that he "plans" and "desires" to "return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property [has] been made ADA complaint." (Compl. ¶¶ 5 & 7, ECF No. 1.) Since this case is only at the pleading stage, Houston's allegations that he "plans" and "desires" to revisit the property are sufficient, just as were similar assertions in *Stevens*. There are no magic words here. Put simply, these allegations, taken in a light most favorable to Houston, reveal that Houston faces a likely threat of future injury.

Most of 7-Eleven's arguments are misplaced in this facial attack on jurisdiction.[2] 7-Eleven repeatedly suggests that Houston's allegations of a planned return visit to the property should not be believed. (*See, e.g.*, Mot. Dismiss 10, ECF No. 6 (arguing that Houston's plans to revisit the property are unbelievable).) But in this *facial* attack, the Court must not only accept the facts in the Complaint to be true, but must view them in the light most favorable to Houston. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

7-Eleven's argument that *Access for Americans, Inc. v. Associated Out-Door Clubs, Inc.*, 188 F. App'x 818 (11th Cir. 2006), somehow overrules the holding of the *Stevens* case is plainly incorrect. First, an unpublished opinion is not binding precedent. 11th Cir. R. 36-2. Second, the prior panel rule would dictate that *Stevens* supersedes *Associated Out-Door Clubs* to the extent that *Associated Out-Door Clubs* is inconsistent with *Stevens*. The more accurate distinction between the two cases is that since they arrived at the Court of Appeals with different procedural postures, different standards of review were applied. In *Stevens* the court addressed a facial attack on jurisdiction, while in *Associated Out-Door Clubs* the court faced a factual

---

[1] In *Lujan v. Defenders of Wildlife* the Court was not confined to the allegations in the pleadings because that case was before the Court upon review of a summary judgment ruling. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992).

[2] 7-Eleven is not raising a factual attack on jurisdiction as evidenced by its arguments that Houston's affidavit should not be considered in evaluating the sufficiency of the pleading. (Def.'s Reply 5, ECF No. 14.)

attack.  In *Stevens* the court was operating under a *de novo* standard of review because it was faced with "basic questions concerning . . . standing."  *See DiMaio v. Democratic Nat. Comm.*, 520 F.3d 1299, 1301 (11th Cir. 2008).  But in *Associated Out-Door Clubs* the court analyzed the district court's "findings of jurisdictional facts" under a clearly erroneous standard of review.  *See Lawrence v. Dunbar*, 919 F.2d 1525, 1530 (11th Cir. 1990).  These cases are not inconsistent.

### B. Houston has not adequately alleged the existence of a causal connection between his asserted injury-in-fact and 7-Eleven's allegedly non-compliant barriers.

"[A] plaintiff must demonstrate a causal connection between the asserted injury-in-fact and the challenged action of the defendant."  *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001).  This causal-connection prong requires allegations showing that the plaintiff's injury is fairly traceable to the defendant's alleged violation.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

In an ADA case, a plaintiff must allege that there are physical and architectural barriers on the defendant's property that are not compliant with ADA standards.  The plaintiff must go on to allege that because of her disability and the defendant's non-complaint barriers, she was unable to enjoy the goods or services at the defendant's place of business.  In other words, a plaintiff must identify how the alleged ADA violations threaten to deprive her of full and equal access due to her disability if she were to return to the defendant's property.  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 955 (9th Cir. 2011).

In this case, Houston has failed to allege any connection between the generic allegation that he "encountered architectural barriers at [7-Eleven's] property," and the laundry list of alleged ADA violations that a "preliminary inspection" turned up.  (*Compare Compl.* ¶5 *with* ¶10, ECF No. 1.)  While Houston's Complaint is deficient in this manner, this seems like the type of problem that can be cured through amendment.

For these reasons, it is **ORDERED** that 7-Eleven's Motion to Dismiss (ECF No. 6) is **GRANTED**.  The Complaint is **DISMISSED** without prejudice.  Any amended complaint must be filed on or before July 19, 2013.

**DONE and ORDERED** in chambers, at Miami, Florida, on July 15, 2013.

ROBERT N. SCOLA, JR.
**UNITED STATES DISTRICT JUDGE**